UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 09-01362-CJC(RNBx)            Date: June 10, 2010

Title: NOEL LABASTIDA ET AL. V. BANK OF AMERICA ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiffs Noel and Gina Labastida brought this action against Defendants Bank of America Corporation ("Bank of America"), JPMorgan Chase Bank, Reconstrust Company ("Recontrust"), and Merscorp, Inc. (collectively "Defendants") for alleged violations of state laws relating to their mortgage loan. Defendants removed the case to federal court on the basis of federal question jurisdiction, arguing that the Labastidas had actually pleaded federal claims. The Labastidas subsequently amended their complaint, and now allege only state-law causes of action with no references to federal law.

       In cases in which the federal claim is eliminated before trial and only state-law claims remain, courts have discretion over whether to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. The justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." *Id.* As the Ninth Circuit noted, "[i]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-01362-CJC(RNBx)                                  Date: June 10, 2010
                                                                  Page 2

exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) (citations omitted).

 Bank of America, Recontrust, and Merscorp oppose remand to state court. They argue that remand of the remaining claims is improper because substantial federal judicial resources have already been directed toward the resolution of the state-law claims, the Labastidas' claims are meritless, and the Labastidas have engaged in forum shopping. While Defendants, taken together, have filed six motions to dismiss, the Court has spent very few resources resolving the state-law claims. Two motions have yet to be heard, three motions were granted with leave to amend based on the Labastidas' failure to oppose, and one motion was denied as moot. Since this litigation is still at an early stage, remanding to state court for a decision on the state-law claims will neither harm nor prejudice Defendants. Although the defendants opposing remand assert that the Labastidas' claims are meritless, such a decision is best made by a state court. State courts have a greater interest in deciding questions of purely state law, and federal courts must respect those state interests. Finally, there is little evidence that the Labastidas' have engaged in forum shopping. To the contrary, they apparently tried to avoid alleging federal causes of action in their original complaint and subsequently removed all references to federal law in their current complaint. Remanding to state court is the most effective method of promoting the goals of comity, fairness, and efficiency. For the foregoing reasons, this case is REMANDED to state court.

jhp

MINUTES FORM 11
CIVIL-GEN                                                         Initials of Deputy Clerk MU